## URIAH SHINKLE *v.* CITY OF COVINGTON.

**Damages—Evidence—Instructions.**

In a suit for damages against a city it is not error for the court to refuse to admit evidence to show that the city council was notified that hitchings on the wharf were insufficient. The liability of the city does not depend upon knowledge of the city officers that such hitchings were not sufficient.

**Instructions.**

In a damage suit against the city on account of damages sustained because of the city's failure to maintain safe hitchings in connection with its public wharf, it is error for the court to charge the jury that it was the duty of the plaintiff to use reasonable care such as prudent men would observe. The plaintiff was only bound to use ordinary care in securing the boat to the shore and like diligence after he became aware that the post had given way to save the boat from sinking.

### APPEAL FROM KENTON CIRCUIT COURT.

November 16, 1874.

OPINION BY JUDGE COFER:

We perceive no material error in the rulings of the court in refusing to admit the excluded statements of the appellant's witness, Hyde, nor in refusing to allow appellant to prove by Hunter that he had notified the city council that the hitchings on the wharf were insufficient. The liability of the city does not depend upon the knowledge of the city authorities that the hitchings were insufficient, but upon the question whether they were in fact insufficient.

Having established a wharf, and invited boats to land at it, and charged wharfage for the use of the wharf, the law implies an undertaking on the part of the city to provide for fastening ordinarily and reasonably secure; and the liability of the city results from the implied undertaking; and as want of knowledge of the insufficiency of the fastenings would have been no defense to the action, there was no necessity to prove that the city council had such knowledge.

The second instruction asked by the appellee and given by the

court is in these words: "It was the duty of the plaintiff to use reasonable care, such as a prudent man would observe in the management of his affairs, in the location of and attaching his boat to the shore, and in preventing the sinking thereof; and if the jury believe from all the evidence in the cause, that the plaintiff's boat was sunk by any neglect or omission on his part, of such reasonable care as aforesaid, they must find for the defendant." By this instruction appellant was required to use such care as a prudent man would have used, and the jury were told that "if the boat was sunk by any neglect or omission on his part, of such reasonable care as aforesaid (*i.e.*, such care as a prudent man would have used), they must find for the defendant." The appellant was only bound to use ordinary care in securing the boat to the shore, and like diligence after he became aware that the post had given way, to save the boat from sinking. Ordinary care is not such care as prudent men use, but such as is used by ordinary men or men of common or ordinary discretion. A man may be guilty of some neglect or omission, and yet may use ordinary care and diligence. If appellant and his employes in charge of the Isaac, used ordinary care and diligence in making her fast, and in endeavoring to save her after she broke loose, and she was lost notwithstanding, the appellee is liable.

The fourth instruction asked by the city should not have been given without some qualification. The evidence tended to prove that the post to which the Isaac was fastened was the only one on the wharf within reach of the place where appellant's float lay. The city, by establishing the wharf, invited the owners of boats to land at it, and they had a right to hitch to such objects as they found for that purpose; and even if appellant planted the post, and knew it was insufficient, he had a right to hitch to it and look to the city for indemnity, if he found no other within convenient reach of the place occupied by his float. The fifth instruction should also have been qualified so as to embrace the item that although appellant may have known the post was insufficient, yet if no other was near enough to his place of landing to be reached by the lines or chains ordinarily used on such craft as his, he had a right to hitch to such as he found within reach.

The instruction given by the court in lieu of the first asked by appellee was misleading. It was not necessary to the city's liability that it should, by its wharf master, have received the plaintiff's boats. If they were landed by appellant at the wharf, and made fast to such hitchings as were found within reach of the place of

landing, they were at once at the risk of the city, so far as their safety depended on the sufficiency of the fastenings without any act on the part of the city or any of its officials or servants.

As the judgment must be reversed for errors in instructing the jury, it is not only unnecessary, but would be improper, that we should decide whether or not the court erred in refusing to grant a new trial on the ground that the verdict was palpably against the weight of the evidence.

For the errors indicated the judgment is *reversed,* and the cause is remanded for a new trial upon principles consistent herewith.

*J. T. & C. H. Tisk, for appellant.*
*R. A. Athey, for appellee.*